IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| FELTON MAGEE, JR.<br>1132 Ring Bill Loop<br>Upper Marlboro, MD 20774<br><br>      Plaintiff<br><br>v.<br><br>BAZILIO COBB ASSOCIATES, PC<br>(f/k/a Thompson, Cobb, Bazilio & Associates, Inc.)<br><br>Serve:  Bazilio Cobb Associates, PC<br>         c/o Ralph B. Bazilio<br>         1920 N. St. NW<br>         #800<br>         Washington, DC 20036<br><br>      Defendant. | Civil No: _____ |

## COMPLAINT

Comes Now Felton Magee, Jr. ("Magee"), by counsel, to demand judgment against defendant Bazilio Cobb Associates, PC (f/k/a Thompson, Cobb, Bazilio & Associates, Inc.) ("Bazilio") and states as follows:

### Parties

1. Plaintiff Magee is a resident of the State of Maryland.

2. Defendant Bazilio is a District of Columbia professional corporation with its principal place of business in the District of Columbia.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy, exclusive

of interest and costs, exceeds $75,000. The Court may issue a declaratory judgment pursuant to 28 U.S.C. § 2201.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) (2) & (3) because the acts giving rise to this claim occurred in the District of Columbia and because Bazilio is subject to the personal jurisdiction of this Court since it is located within the District of Columbia.

## Facts

5. On or about May 17, 2010, Bazilio made an employment offer to Magee which Magee accepted and commenced work pursuant to that Agreement on the same date (the "Agreement"). A copy of the Agreement is attached hereto and incorporated herein as <u>Exhibit A</u>.

6. The Agreement obligated Bazilio to provide Magee with the following:

    a. An annual base salary of $182,500 (increased to $192,500 in December 2010 as detailed below) to be paid semi-monthly (on approximately the 3rd and 18th of each month);

    b. An annual performance bonus of 25% to 50% of his base salary to be paid on or before following February 28th of each year;

    c. 15 days paid vacation per year;

    d. 5 days of sick leave per year; and

7. Pursuant to the Agreement, Magee began his employment with Bazilio as a Principal in the Consulting Services Practice on or about May 17, 2010 with his primary responsibility being the establishment and operation of Bazilio's US Virginia Islands Department of Education Third Party Fiduciary contract.

8. Bazilio also provided Magee with a monthly living stipend of $1,624.26 towards his living expenses in the Virgin Islands.

9. In December 2010, Bazilio increased Magee's base salary to $192,500 and gave him a $20,000 bonus.

10. In 2011, Magee was eligible for and in fact earned an annual performance bonus of approximately $96,250 that Bazilio failed to pay by February 28, 2012.

11. In 2012, Magee was eligible for and in fact earned an annual performance bonus of approximately $96,250 that Bazilio failed to pay by February 28, 2013.

12. In 2013, Magee was eligible for and in fact earned an annual performance bonus of approximately $96,250 that Bazilio failed to pay by February 28, 2014.

13. In January 2014, Magee was eligible for and in fact earned a pro-rated annual performance bonus of approximately $7,250 that Bazilio has failed to pay.

14. As of the time of filing, Bazilio has failed to pay Magee any of the foregoing annual performance bonuses earned by Magee totaling approximately $296,000 (the "2011-2014 Annual Performance Bonuses").

15. On or about February 5, 2014, Magee notified Bazilio in writing of his intent to resign effective February 15, 2014 (giving advance notice as was customary). A copy of the February 5, 2014 letter (dated February 6, 2014) is attached hereto and incorporated herein as Exhibit B.

16. In the February 6, 2014 notice, Magee also demanded payment of the 2011-2014 Annual Performance Bonuses due and owing to him totaling $296,000 within 15 days.

17. At the time of Magee's resignation on February 15, 2014 he had accrued approximately 6 weeks in paid vacation totaling $24,062.49 and approximately 5 days in paid sick totaling approximately $4,010.41.

18. Magee has fulfilled all the terms of the Agreement and has returned all Bazilio and/or Bazilio-client issued property.

19. Despite Magee's fulfillment of all terms of the Agreement and his return of all Bazilio property, Bazilio has failed to pay Magee the following amounts totaling $333,155.86 that are due and owing:

    a. $296,000 in 2011-2014 Annual Performance Bonuses;

    b. $8,020.83 in wages for February 1 through 15, 2014;

    c. $24,062.49 in accrued vacation;

    d. $4,010.41 in accrued sick pay; and

    e. $812.13 in living expenses.

20. Despite demand, Bazilio has failed to pay Magee the $332,905.86 due and owing.

## COUNT I
## BREACH OF CONTRACT

21. Paragraphs 1 through 21 are re-alleged and incorporated herein.

22. The parties entered into the Agreement requiring Bazilio to provide Magee with:

    a. An annual base salary of $182,500 (increased to $192,500 in December 2010 as detailed below) to be paid semi-monthly (on approximately the 3rd and 18th of each month);

    b. An annual performance bonus of 25% to 50% of his base salary to be paid on or before following February 28th of each year;

    c. 15 days paid vacation per year;

    d. 5 days of sick leave per year; and

23. Magee was employed by Bazilio and performed services pursuant to the Agreement from May 17, 2010 to February 15, 2014.

24. Throughout Magee's employment, he was eligible to receive and had earned the annual performance bonuses.

25. Bazilio has breached the Agreement by:

    a. Failing to pay Magee's salary for dates worked February 1, 2014 through February 15, 2014 totaling $8,020.83;

    b. Failing to pay Magee his Annual Performance Bonuses for 2011 through 2014 totaling $296,000;

    c. Failing to pay Magee $24,062.49 in accrued vacation;

    d. Failing to pay Magee $4,010.41 in accrued sick pay; and

    e. Failing to pay Magee $812.13 in living expenses.

26. At the time of filing, Bazilio's material breach of the Agreement has or will cause damages to Magee totaling $332,905.86.

**WHEREFORE**, Felton Magee, Jr., by counsel, respectfully demands judgment against Bazilio Cobb Associates, PC (f/k/a Thompson, Cobb, Bazilio & Associates, Inc.) for the sum of $333,155.86 through the filing of this action, plus post-judgment interest and such other relief as the court deems appropriate.

                                                Respectfully Submitted,

James V. Irving, DC Bar No. 414422
Rachelle E. Hill, DC Bar No. 987667
Juanita F. Ferguson, DC Bar No. 471045
Bean, Kinney & Korman, P.C.
2300 Wilson Boulevard, Seventh Floor
Arlington, VA 22201
(703) 525-4000 (phone)
(703) 525-2207 (fax)
Counsel for Plaintiff

5